# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| GULSARA GOODRICH & ) | Docket no. 2:10-CR-126-GZS |
| JULIET HORTON, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTION FOR SEVERANCE

Before the Court is Defendant Horton's Motion for Severance (Docket # 64). For the reasons explained herein, the Court hereby DENIES the Motion.

## I. BACKGROUND

Defendant Horton, and her mother, Defendant Goodrich, are charged in a single count Indictment with conspiring to fraudulently obtain a life insurance benefit in the amount of $51,385.64 to which neither defendant was entitled in violation of 18 U.S.C. §§ 1349 and 1341. (Superseding Indictment (Docket # 39).) Pursuant to Rules 12(b)(2) and 14(a) of the Federal Rules of Criminal Procedure, Defendant Horton seeks severance on the basis that the co-defendants' "antagonistic defenses … will cause substantial prejudice to Defendant Horton and deny her a fair trial." (Mot. for Severance at 2.)

## II. LEGAL STANDARD

It is well established that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). The "general rule … that those indicted together are tried together" serves the dual goals of preventing inconsistent verdicts and conserving resources. United States v. DeCologero, 530 F.3d 36, 52 (1st Cir. 2008) (quoting United States v. Soto-Beníquez, 356 F.3d 1, 29 (1st Cir. 2004)); see also Zafiro, 506 U.S. at 537 (the preference for joint trials "promote[s] efficiency and

serve[s] the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.") (citation and quotation marks omitted). "[S]everance is warranted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" United States v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010) (quoting Zafiro, 506 U.S. at 539); see also DeCologero, 530 F.3d at 52 ("[P]rejudice in this context means more than just a better chance of acquittal at a separate trial.") (citation and quotation marks omitted). "[S]everance is especially disfavored" in conspiracy cases. Celestin, 612 F.3d at 19 (quoting United States v. Peña-Lora, 225 F.3d 17, 33 (1st Cir. 2000) (internal quotation mark omitted)).

Antagonistic defenses can require severance when the "defenses are so *irreconcilable* as to involve fundamental disagreement *over core and basic facts*." United States v. Tejeda, 481 F.3d 44, 55 (1st Cir. 2007) (quoting Peña-Lora, 225 F.3d at 34) (additional citation omitted); see also United States v. Talavera, 668 F.2d 625, 630 (1st Cir. 1982) ("It is well settled that antagonistic defenses do not per se require severance, even if the defendants are hostile or attempt to cast the blame on each other. Severance is required only where the conflict is so prejudicial and the defenses are so irreconcilable that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.") (internal citations omitted). Mere "dissonance" between defenses is insufficient to compel severance. Tejeda, 481 F.3d at 55. "Instead, the tension between defenses must be so great that a jury would have to believe one defendant at the expense of the other." United States v. Yefsky, 994 F.2d 885, 897 (1st Cir. 1993) (citation omitted).

## III.    ANALYSIS

Defendant Horton argues strenuously that severance is appropriate because her trial strategy is antagonistic to that of her co-defendant. Specifically, Horton intends to concede that

she did undertake certain acts alleged in the Superseding Indictment, but will deny that she acted with the requisite fraudulent intent. On the other hand, Horton asserts that Goodrich's defense will be that Horton (her daughter) concocted and carried out the alleged fraudulent scheme entirely on her own, duping her mother into believing it was legitimate. Horton argues that these defenses are irreconcilable because if a jury credits Goodrich's defense that she is guilty only by association and acquits her, it necessarily will return a guilty verdict against Horton.

The Government counters that Defendant Goodrich's defense as presented in no way precludes the acquittal of Defendant Horton. (See Opp'n to Mot. for Severance (Docket # 76) at 5-6.) The Court agrees. The defendants here are charged with just one offense: conspiracy. At its core, the theory of defense for both mother and daughter is that no agreement existed to fraudulently obtain the life insurance proceeds in question. Thus, the jury could fully credit Defendant Goodrich's defense that she was duped by her scheming daughter and was unaware that she was not entitled to receive the money, and still acquit Defendant Horton. For, if the jury were to find that Defendant Horton acted alone, the elements of a conspiracy—requiring an agreement between two or more people—would not be established.

Therefore, the Court concludes that the potential prejudice asserted by Defendant Horton simply does not overcome the default rule that defendants who are indicted together, especially in a conspiracy, should be tried together. See, e.g., DeCologero, 530 F.3d at 53 (denial of severance upheld where the "jury could accept [one defendant's] testimony that he was an occasional drug dealer… while also accepting the other defendants' claims that they had engaged in no criminal wrongdoing"); Tejeda, 481 F.3d at 55 (concluding "there was no true antagonism of defenses" where "even if the jury accepted [one defendant's] duress defense it could either accept or reject" the other defendant's defense that he was not "the New York source of drugs for the conspiracy"); United States v. Rodas, C.r. No. 08-141S, 2010 WL 4627908, at *1 (D. R.I.

3

Nov. 12, 2010) (severance denied where the "jury could very well believe that [one defendant] was in the United States on business, and that his co-defendants were similarly not guilty of the charged conspiracy"). In short, the Court does not believe that the defenses are so fundamentally at odds with one another as to require severance.

The Court notes that Defendant Horton has not argued in any way that a separate trial is necessary in order to avoid having prior out-of-court statements by Defendant Goodrich used against her at trial, which might have the potential to impact her rights under the Confrontation Clause of the Sixth Amendment as elucidated by Bruton v. United States, 391 U.S. 123 (1968) and Crawford v. Washington, 541 U.S. 36 (2004). Nonetheless, counsel is cautioned that no statement that might give rise to a "Bruton problem" shall be inquired about in the presence of the jury without prior notice to the Court.

## IV. CONCLUSION

As explained herein, Defendant Horton's Motion for Severance (Docket # 64) is denied. This pretrial ruling is made only in order to allow counsel to plan for trial. The Court's ruling is without prejudice and subject to reconsideration, depending on the evidence presented and any objections, renewed or otherwise, made by counsel.[1]

SO ORDERED.

                                        /s/ George Z. Singal
                                        United States District Judge

Dated this 3rd day of February, 2011.

---

[1] See United States v. Rose, 104 F.3d 1408, 1415-16 (1st Cir. 1997) (noting the trial court's "continuing duty at all stages of the trial to grant a severance if prejudice [] appear[s]") (quoting Schaffer v. United States, 362 U.S. 511, 516 (1960)).